**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | |
| **ALESHA WEBSTER** | * | Criminal Case No. RWT 08-397 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**<u>MEMORANDUM OPINION</u>**

Appellant Alesha Webster ("Appellant") entered a plea of guilty to six counts of a ten-count criminal complaint that alleged various traffic offenses and was sentenced to six months in prison. She has filed an appeal arguing that: (1) her guilty plea must be reversed because Judge DiGirolamo failed to obtain both a written consent to trial and a written or oral waiver of her right to trial by jury; (2) her guilty plea was unconstitutional because it was not given knowingly and voluntarily; (3) Judge DiGirolamo erred in failing to merge count one into count four, thereby violating her Fifth Amendment protection against double jeopardy; and (4) the conditions of probation imposed upon her, namely that she surrender her driver's license and that she be prohibited from driving for five years, are unreasonable.  For the reasons outlined below, this Court will affirm the actions of Judge DiGirolamo.

## I.   BACKGROUND

On October 6, 2007, while driving northbound on the Baltimore-Washington Parkway, the

Appellant collided into the rear of a vehicle driven by Rose McNair.  [Plea Hr'g Tr. 7:1-25, June 19,

2008].  The impact of the collision drove McNair's vehicle off of the Parkway and into the tree line.

[Gov.t's Resp. to Appellant's Br. 1].  The force of the collision also flattened the driver's seat and

threw McNair into the back of the vehicle despite the fact that she had been wearing a seat belt.

[Plea Hr'g Tr. 7:22-8:4].  McNair remains hospitalized in a vegetative state as a result of the

accident.  *Id.* at 9:2-3.  Several civilian witnesses observed that prior to the collision, Appellant had

been driving recklessly at speeds between eighty to one hundred miles per hour, weaving in and out

of traffic, and driving onto the shoulder.[1]  *Id.* at 7:5-10.

After the collision and her arrest, Appellant was transported to the police station where she

was interviewed by United States Park Police detectives.  [Gov.t's Resp. to Appellant's Br. 2].

During the recorded interview, Appellant stated that her wallet had fallen on the floor while she was

driving and as she attempted to retrieve it her foot depressed the gas pedal.  [Plea Hr'g Tr. 8:5-10].

At one point she looked up and realized that she might hit another vehicle from behind but continued

to reach for the wallet.  *Id.* at 8:16-18.

On April 1, 2008, the Government filed a criminal complaint against the Appellant charging

her with ten violations of the Maryland Transportation Article and the Code of Federal Regulations.[2]

---

[1]Appellant disputes that she was driving within that speed range, but, pursuant to her plea agreement, does concede that there are sufficient facts to convict her on the six counts to which she pleaded guilty.  [Plea Hr'g Tr. 9:17-22].

[2]The ten violations with which Appellant was charged are as follows: (1) failure to control vehicle speed on highway to avoid collision in violation of Md. Code Ann., Transp. § 21-801(b) (West 2009); (2) driving a vehicle on a highway in excess of the posted speed limit in

[Appellant's Br. 1].  Each count is a Class B misdemeanor, punishable by a maximum of six months in jail and/or a $5,000 fine.  [Gov.t's Resp. to Appellant's Br. 3].

Appellant's initial appearance was held on April 11, 2008, at which time the trial was scheduled for June 19, 2008, and discovery was requested and given.  *Id.*  On the same day, Appellant's counsel entered his appearance and, on behalf of the Appellant, asserted her rights under the Fifth and Sixth Amendments to the United States Constitution and entered pleas of not guilty. [Appellant's Br. Ex. 3].

Pursuant to a plea agreement, Appellant appeared on the day scheduled for trial and entered a guilty plea to counts one, two, four, five, six, and seven, on the condition that the Government would dismiss counts three, eight, nine, and ten.  [Gov.t's Resp. to Appellant's Br. 3].  Prior to accepting the plea, Judge DiGirolamo advised the Appellant that if she pled guilty she would be waiving her right to trial, the right to cross-examine any of the government witnesses, to compel her own witnesses to testify for her, and the right to testify on her own behalf.  [Plea Hr'g Tr. 5:13-6:23]. He also asked the Appellant if she had been subject to threats, force, or promises in pleading guilty, if her decision to plea was her own, free, and voluntary act, and if she understood the maximum penalty she faced on each of the charges.  *Id.*  Appellant answered audibly to all questions in the

---

violation of 36 C.F.R. § 4.21 (2009); (3) changing lanes when unsafe in violation of Md. Code Ann., Transp. § 21-309(b); (4) reckless driving in violation of Md. Code Ann., Transp. § 21-901.1(a); (5) operating a motor vehicle without due care or at a speed greater than that which is reasonable and prudent considering wildlife, traffic, weather, road and light conditions and road character in violation of 36 C.F.R. § 4.22; (6) following vehicle too closely in violation of Md. Code Ann., Transp. § 21-310(a); (7) aggressive driving in violation of Md. Code Ann., Transp. § 21-901.2; (8) operating a vehicle after suspension in violation of Md. Code Ann., Transp. § 16-303; (9) driving off road while passing a vehicle in violation of Md. Code Ann., Transp. § 21-304(c); and (10) failure to safely overtake and pass a vehicle going in same direction in violation of Md. Code Ann., Transp. § 21-303.  [Appellant's Br. Ex. 1].

affirmative, with the exception of whether she was aware that with her plea she waived her right to cross-examine government witnesses, to compel her own witnesses to testify, and whether she had been threatened or forced to plead guilty; to those questions her answers were inaudible. *Id.* At the conclusion of the colloquy, Judge DiGirolamo accepted Appellant's plea, ordered a pre-sentence investigation, and scheduled the sentencing hearing for August 5, 2008. *Id.* at 9:23-11:17.

At the sentencing hearing, Judge DiGirolamo sentenced the Appellant to a six month concurrent prison term for count one (failure to control speed to avoid a collision) and count four (reckless driving) as merged with counts two, five, six, and seven.  [Judgment in a Criminal Case at 1-2, United States v. Alesha Webster, No. 08-963M (D. Md. Aug. 5, 2008)].  In addition, for count one, he sentenced her to five years of probation and directed her to participate in mental health counseling and the Victim Impact Program. *Id.* at 3-4.  As conditions of probation, Appellant was required to forfeit her current driver's license and was prohibited from applying for a new license or operating a vehicle for the five-year probationary period. *Id.* at 4.  In determining the sentence, the Judge DiGirolamo noted that he took into account the facts, the recording of Appellant's interview with the Park Police, the witnesses presented by both the Government and Appellant, Appellant's history, and her lack of remorse.  [Appellant's Br. Ex. 5].

## II.   ANALYSIS

### A.   *Consent to Trial Before a Magistrate Judge*

First, Appellant claims that her guilty plea must be reversed because Judge DiGirolamo failed to obtain both a written consent to trial and a written or oral waiver of her right to trial by jury. The Sixth Amendment right to a trial by jury is reserved for defendants accused of serious crimes.

*Lewis v. United States*, 518 U.S. 322, 327 (1996).  Accordingly, at a defendant's initial appearance on a misdemeanor charge, a magistrate judge must inform the defendant that she has the right to a trial by jury before either a magistrate or district judge *unless the charge is a petty offense*.  18 U.S.C. § 3401(b) (2006); Fed. R. Crim. P. 58(b)(2)(F).

In determining whether an offense is petty, the court primarily considers the maximum prison term attached to the offense as opposed to other penalties such as probation or fines, because the prison term is the best indicator of the seriousness of the crime in the legislature's estimation.  *See Blanton v. N. Las Vegas*, 489 U.S. 538, 542 (1989).  An offense carrying a maximum prison term of six months or less is presumed to be a petty offense.  *Lewis,* 518 U.S. at 326-27 (citing *Blanton*, 489 U.S. at 542).  This presumption does not fall away, however, simply because multiple penalties are aggregated; if a defendant is charged with multiple petty offenses, and as a result the maximum prison term exceeds six months, the right to trial by jury still will not attach.  *See id.* at 330.  A defendant charged with petty offenses may only be entitled to a jury trial if she can demonstrate that additional statutory penalties, viewed in conjunction with the maximum prison term, are so severe that they clearly reflect the legislature's determination that the offense in question is serious.  *Blanton*, 489 U.S. at 543.

Here, Appellant is not entitled to a trial by jury as all ten charges against her are defined by statute as petty crimes, each carrying a maximum penalty of six months imprisonment and a $5,000 fine.  *See* 18 U.S.C. § 19 (a Class B misdemeanor is a petty offense); *id.* § 3559(a)(7) (an offense with maximum authorized prison term of six months or less but more than thirty days that is not otherwise classified is a Class B misdemeanor); 36 C.F.R. § 1.3(a) (setting maximum prison term at six months for persons convicted of violating vehicle and traffic safety provisions while within

the boundaries of land administered by the National Park Service).  Furthermore, the penalties in

aggregate (five years imprisonment and $50,000 in fines), Appellant's lengthy probationary term,

and the restriction of her driving privileges are not sufficient to demonstrate that the offenses are

serious, which would entitle her to a trial by jury.  *See Lewis*, 518 U.S. at 330; *Frank v. United

States*, 395 U.S. 147, 151-52 (1969) ("Congress has not viewed the possibility of five years'

probation as onerous enough to make an otherwise petty offense 'serious'"); *United States v.

Hernandez*, 276 F. App'x 291, 295 (4th Cir. 2008) (citing *United States v. Nachtigal*, 507 U.S. 1,

4 (1993)) ("regulatory revocation of the defendant's license was not 'constitutionally significant'

in regard to the right to a trial by jury").  Accordingly, Appellant's guilty plea need not be

overturned as she was not entitled to a trial by jury before a district judge.


       B.      *Knowing and Voluntary Guilty Plea*

Second, Appellant claims that her guilty plea was unconstitutional because it was not given

knowingly and voluntarily.  A court may not accept a guilty plea without an affirmative showing that

it was voluntarily and intelligently entered by the defendant.  *See* Fed. R. Crim. P. 11(b)(2); *Boykin

v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Bartram*, 407 F.3d 307, 314 (4th Cir. 2005).

Therefore, a court should ensure, on the record, that the defendant "understands the nature of the

charges, [her] right to a jury trial, the acts sufficient to constitute the offenses for which [s]he is

charged and the permissible range of sentences."  *Boykin*, 395 U.S. at 244 n.7; *see Johnson v. Zerbst*,

304 U.S. 458, 466 (1938) (a guilty plea "cannot be truly voluntary unless the defendant possesses

an understanding of the law in relation to the facts").

In explaining the nature of the charges, the court is given a wide degree of discretion in determining how best to ensure the defendant's understanding. *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). The court may take into account whether the defendant is represented by counsel, the defendant's personal characteristics, whether a plea agreement exists, and whether the defendant has read the agreement. *Id.* Ultimately, the voluntariness of a plea can only be determined "by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970).

In this case, the record and the surrounding circumstances indicate that the Appellant made her plea knowingly and voluntarily. Judge DiGirolamo asked the Appellant if (1) she was aware that with her guilty plea she waived the right to a jury trial, to cross examine the government's witnesses, to compel her own witnesses to testify for her, and to testify in her own defense; (2) she had been subject to threats, force, or promises in pleading guilty; (3) her decision to plead guilty was her own, free, and voluntary act; and (4) she understood the maximum penalty she faced on each of the charges.

Appellant answered audibly to all questions in the affirmative, with the exception of whether she was aware that with her plea she waived her right to cross-examine government witnesses, to compel her own witnesses to testify, and whether she had been threatened or forced to plead guilty; to those questions her answers were inaudible. But, in light of the remainder of the record and the surrounding circumstances, these inaudible answers alone do not indicate that Appellant's plea was involuntary or unknowing. The Appellant had engaged in plea negotiations with her counsel and the Government, she was represented by counsel at trial, and neither Judge DiGirolamo, nor counsel for either side interjected or indicated that the Appellant had answered in the negative. The

Appellant even acknowledged on the record that there were sufficient facts to convict her of all six counts. Furthermore, that Judge DiGirolamo took steps to determine the Appellant's awareness indicates that he was sensitive to the requirements of the law with respect to guilty pleas, *see Brady*, 397 U.S. at 744 n.2, 755-56, and that he would have rejected the guilty plea if he had had any doubts regarding its voluntariness.

Although at the time of her plea Appellant was allegedly suffering from depression, anxiety, and physical exhaustion due to her pregnancy [Appellant's Br. 8], this is not sufficient to demonstrate that she did not understand the facts of the case as they related to the charges because she had the ability to consult with her lawyer as well as a rational and factual understanding of the proceedings against her. *See Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)) (the test for determining competence is whether "[a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as a factual understanding of the proceedings against him"). Accordingly, Appellant's plea was given knowingly and voluntarily.

### C.   *Double Jeopardy*

Third, Appellant claims that Judge DiGirolamo erred in failing to merge count one (failure to control speed to avoid collision) into count four (reckless driving) thereby violating the Appellant's Fifth Amendment protection against double jeopardy. The double jeopardy clause of the United States Constitution bars multiple prosecutions for the same offense. U.S. Const. amend. V, cl. 2.; *see, e.g.*, *North Carolina v. Pearce*, 395 U.S. 711, 717-18 (1969). In determining whether

the offenses are the same, the relevant inquiry is whether one offense requires proof of an element that the other does not; if so, then the bar does not apply. *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 294 U.S. 299, 304 (1932). A Court focuses exclusively on "the legislative purpose as articulated in the statutory elements of each offense," and accordingly, the fact that both convictions may be supported by the same evidence is irrelevant. *See United States v. Reed*, 617 F. Supp. 792, 798 (D. Md. 1985).

The two offenses at issue here are count four—reckless driving under Md. Code Ann., Transp. § 21-901.1(a)—and count one—failure to control speed to avoid collision under § 21-801(b). "A person is guilty of reckless driving if he drives a motor vehicle: (1) [i]n wanton or willful disregard for the safety of persons or property; or (2) [i]n a manner that indicates a wanton or willful disregard for the safety of persons or property." *Id.* § 21-901.1(a). A person fails to control speed to avoid a collision if she fails to "control the speed of the vehicle as necessary to avoid colliding with any person or any vehicle or other conveyance that, in compliance with legal requirements and the duty of all persons to use due care, is on or entering the highway." *Id.* § 21-801(b). As such, count one requires proof of collision, which is not a requirement of count four, and count four requires a wanton or willful disregard, which is not a requirement of count one. Although the due care requirement of the prohibited conduct of count one and count four may be at different points along the same continuum, and although both offenses were a result of one continuous course of conduct, these facts are irrelevant in determining whether count one and count four are the same offense. *Reed*, 617 F. Supp. at 798. Accordingly, because count one and count four each require proof that the other does not, they are not the same offense and Judge DiGirolamo did not err in failing to merge them.

9

D.      *Conditions of Probation*

Finally, the Appellant claims that the conditions of probation imposed upon her, namely that she forfeit her driver's license and that she is prohibited from driving for five years, are unreasonable.  A court may impose discretionary conditions of probation to the extent that such conditions (1) are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) involve deprivations reasonably necessary to serve the following purposes of the sentence—to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter the prohibited conduct, and protect the public from further crimes of the defendant.  *See* 18 U.S.C. 3553(a)(1)-(2), (b).

Furthermore, as a condition of probation, federal judges may impose a restriction on the defendant's conduct, even if the source of the defendant's right to engage in the conduct is state law, as long as the restriction is reasonably related to the offense and is not imposed for a term greater than the duration of the probationary period.  *See United States v. Martinez*, 988 F. Supp. 975, 978 (E.D. Va. 1998).   Accordingly, a federal judge may suspend a defendant's state-issued driver's license or restrict driving privileges for the duration of the probationary period.  *See id.* at 978-79.

In this case, the restrictions imposed on Appellant's driving privileges were directly related to the prohibited conduct—reckless driving and failure to control speed to avoid collision—and neither condition was imposed for longer than the probationary period.  Although five years is a lengthy term to impose, in doing so Judge DiGirolamo considered permissible factors, including Appellant's lack of remorse and her failure to reduce speed despite being aware of the risk that she created.  *See* 18 U.S.C. 3553(a)(1) (a court may consider the characteristics of the defendant in imposing conditions of probation); *United States v. Crawford*, 1998 WL 879036, No. 98-4135 (4th

Cir. July 31, 1998) (unpublished opinion) (prohibiting defendant from driving on highways for three year period was a reasonable condition of probation considering defendant had had four convictions for driving under the influence in the prior six years).   Accordingly, the conditions of probation imposed upon the Appellant were not unreasonable.

## IV. CONCLUSION

Accordingly, for the forgoing reasons, the Court will, by separate order, affirm the Appellant's conviction and sentence.

Date: July 30, 2009                                                   _____/s/_____
                                                                               ROGER W. TITUS
                                                                               UNITED STATES DISTRICT JUDGE

11